UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROXANNE H., o/b/o A.H.,

         Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.
_____

**DECISION AND ORDER**

6:20-CV-06688 EAW

## **INTRODUCTION**

Represented by counsel, Plaintiff Roxanne H. ("Plaintiff") brings this action on behalf of A.H., a minor child, pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") finding A.H. no longer eligible for children's supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 14; Dkt. 15), and Plaintiff's reply (Dkt. 16). For the reasons discussed below, Plaintiff's motion (Dkt. 14) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 15) is denied.

## BACKGROUND

On October 24, 2007, Plaintiff was found to be disabled as of June 1, 2007. (Dkt. 13 at 22). On August 18, 2016, when A.H. was 12 years old, she was determined to be no longer disabled as of January 29, 2016, based on a finding of significant medical improvement. (*Id.* at 22, 96-103). On December 20, 2018, Plaintiff and A.H. appeared at a hearing in Rochester, New York, before administrative law judge ("ALJ") Brian Kane. (*Id.* at 22, 47-67). On March 13, 2019, the ALJ issued an unfavorable decision. (*Id.* at 22-40). Plaintiff requested Appeals Council review; her request was denied on July 20, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-11). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation

omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

To initially qualify as disabled under the Act, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). An ALJ follows a three-step sequential evaluation to determine whether a child is entitled to SSI benefits. *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009). "First, the child must not be engaged in 'substantial gainful activity.' Second, the child 'must have a medically determinable impairment(s)' that is 'severe' in that it causes 'more than minimal functional limitations.' Third, the child's impairment or combination of impairments must medically or functionally equal an impairment listed in an appendix to the regulations." *Id.* (quoting 20 C.F.R. § 416.924).

The limitations caused by a child's severe impairment are evaluated pursuant to six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself, and (6) health and physical well-being. *See* 20 C.F.R.

§ 416.926a(b)(1). "For a child's impairment to functionally equal a listed impairment, the impairment must 'result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.'" *Encarnacion*, 568 F.3d at 75 (quoting 20 C.F.R. § 416.926a(a)). "A marked limitation is more than moderate but less than extreme and interferes seriously with a child's ability to independently initiate, sustain, or complete activities. An extreme limitation is more than marked and interferes very seriously with a child's ability to independently initiate, sustain, or complete activities." *Id*. (internal quotations and citations omitted).

Once there has been a finding of disability, a claim is reviewed periodically to assess if there has been medical improvement. 20 C.F.R. § 416.994a(a)(1) ("There is a statutory requirement that, if you are eligible for disability benefits as a disabled child, your continued eligibility for such benefits must be reviewed periodically."). An ALJ follows a different sequential evaluation to review a challenge to whether a child continues to be entitled to SSI benefits. 20 C.F.R. § 416.994a(b).

At the first step of the continuing disability review, the Commissioner assesses whether: there has been medical improvement in the impairments since the date of the "comparison point decision" or CPD; if the impairments still meet or equal the severity of the listed impairments that were met or equaled at the time of the most recent favorable decision; and if not, whether the child is currently disabled. 20 C.F.R. § 416.994a(b)(1). If there is no improvement, the child remains disabled, with certain limited exceptions. *Id.*

At the second step, the Commissioner determines if the child's current impairment(s) meet or medically equal the severity of any Listing. 20 C.F.R.

§ 416.994a(b)(2).  If it does, then disability continues.  (*Id.*).  If the impairment or conditions of impairments do not, the Commissioner proceeds to step three.  (*Id.*).  At step three, the Commissioner determines whether the child's current impairment or combination of impairments functionally equal the Listings pursuant to the six domains of functioning.  20 C.F.R. § 416.994a(b)(3).

## DISCUSSION

**I.     The ALJ's Decision**

In determining whether A.H. continues to be disabled, the ALJ applied the sequential evaluation set forth in 20 C.F.R. § 416.994a.  Initially, the ALJ determined the most recent favorable medical decision finding A.H. disabled, the CPD, is dated October 24, 2007.  (Dkt. 13 at 25).

At the time of the CPD, A.H. had the following medically determinable impairments: speech/language delay and hearing impairment.  (*Id.*).  At the time of the CPD, A.H.'s impairments were found to functionally equal the severity of the Listings.  (*Id.*).  In making this determination, A.H.'s functioning in each of the above-mentioned six domains was evaluated and it was determined that at the time of the CPD, A.H. had a less than marked limitation in the area of acquiring and using information, less than marked limitation in attending and completing tasks, an extreme limitation in interacting and relating with others, no limitation in moving and manipulating objects, less than marked limitation in caring for herself, and less than marked limitations in health and physical well-being.  (*Id.* at 25-26).

The ALJ determined that medical improvement occurred as of January 29, 2016, and there was a decrease in medical severity of the impairments present at the time of the CPD. (*Id*. at 26).

The ALJ found that since January 29, 2016, the impairments A.H. suffered from at the time of the CPD have not met or medically functionally equaled the severity of any Listing. (*Id*. at 27, 33). In making this determination, the ALJ considered A.H.'s functioning in each of the above-mentioned six domains and concluded that since January 29, 2016, A.H. had a less than marked limitation in the area of acquiring and using information, less than marked limitation in attending and completing tasks, less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, less than marked limitation in caring for herself, and less than marked limitation in health and physical well-being for the impairments she had at the time of the CPD. (*Id.* at 27-33).

The ALJ found that A.H. currently has the following severe impairments: speech and language impairment, hearing impairment, attention deficit hyperactivity disorder, and asthma. (*Id.* at 33). He found that since January 29, 2016, A.H. does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (*Id.*). He found that since January 29, 2016, A.H. also does not have an impairment or combination of impairments that functionally equals a Listing, concluding that she had had a less than marked limitation in the area of acquiring and using information, less than marked limitation in attending and completing tasks, less than marked limitation in interacting and relating with others, no limitation in moving about and

manipulating objects, less than marked limitation in caring for herself, and less than marked limitation in health and physical well-being. (*Id.* at 33-40).

Accordingly, the ALJ found that A.H.'s disability ended as of January 29, 2016, and she is not disabled as defined in the Act since that date. (*Id*. at 40).

## II.     Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner for further proceedings, arguing that that the ALJ's (1) finding of medical improvement as of January 29, 2016, and (2) determination that A.H. did not functionally equal the Listings, are not supported by substantial evidence. The Commissioner contends that substantial evidence supports the ALJ's determinations. For the reasons set forth below, the Court agrees with Plaintiff.

"A child's benefits may be discontinued only if there is a finding, supported by substantial evidence, that there has been a medical improvement in the child's impairment(s), which no longer result in extreme or marked limitations." *Mohamed v. Astrue*, No. 08-CV-0598 S, 2010 WL 2640541, at *3 (W.D.N.Y. June 29, 2010). Medical improvement is considered to be "any decrease in the medical severity of an impairment that was present at the time of the most recent favorable decision that the child was disabled or continued to be disabled." 20 C.F.R. § 416.994a(c). A conclusion that there has been a decrease in the medical severity "must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with the child's impairment." *Id.*; *Allick o/b/o M.M.A. v. Berryhill*, No. 18CV2471ERKNF, 2019 WL 3867234, at *4 (S.D.N.Y.

Apr. 4, 2019), *report and recommendation adopted*, No. 18 CIV. 2471 (ER), 2019 WL 3858581 (S.D.N.Y. Aug. 15, 2019).

Here, Plaintiff argues and the Court agrees that a meaningful review of the ALJ's determination is frustrated by the fact that the CPD is not included in the administrative record. *Dana F. o/b/o O.E.H. v. Berryhill*, No 6:18-CV-1337 (ATB), 2019 WL 7067060, at *3 (N.D.N.Y. Dec. 23, 2019) ("An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision."). Other courts have held that where an administrative record is devoid of the CPD, it may prevent the court from appropriately assessing whether a medical improvement finding is supported by substantial evidence. *Arlista J. o/b/o K.W. v. Kijakazi*, No. 19 C 3118, 2022 WL 252715, at *4 (N.D. Ill. Jan. 27, 2022) ("Here, the Court cannot undertake a meaningful judicial review of the ALJ's decision because the CPD is not included in the administrative record and, accordingly, the Court cannot be certain that the ALJ reviewed that decision."); *Bruno, M v. U.S. Comm'r, Soc. Sec. Admin.*, No. 6:19-CV-00886, 2020 WL 5269741, at *5 (W.D. La. Aug. 6, 2020) ("The ALJ did not expressly recognize that the CPD is not in the record despite its importance to the determination of medical improvement. It appears that the ALJ did not have the CPD because, while the ALJ references the CPD in her decision, there is no citation to the CPD itself as evidence supporting her findings."), *report and recommendation adopted*, No. 6:19-CV-00886, 2020 WL 5261150 (W.D. La. Sept. 3, 2020); *K.L. o/b/o J.A.E.C. v. Saul*, No. 19-CV-2407, 2020 WL 2468199, at *3 (N.D. Ill. May 13, 2020) ("Without the CPD in the record, the ALJ could not build an accurate bridge to support the conclusion that

medical improvement occurred, and the Court cannot meaningful[ly] review that finding. As such, remand is required on that issue."); *Paula S. on Behalf of Eric S. v. Saul*, No. 5:17-CV-305-BR, 2020 WL 930512, at *7 (N.D. Tex. Feb. 11, 2020) ("Although it does appear the ALJ had some level of knowledge of the contents of the 2004 CPD when making his current decision, he did not set forth any specific findings concerning the prior CPD or make detailed comparisons to the CPD in his decision. Without the 2004 CPD, this Court cannot determine the specifics of the CPD or what exact information the ALJ had concerning the prior CPD."), *report and recommendation adopted*, No. 5:17-CV-305-C, 2020 WL 919597 (N.D. Tex. Feb. 26, 2020); *Ball v. Berryhill*, No. CV 18-4750, 2019 WL 2079841, at *8 (E.D. La. Feb. 27, 2019) ("By failing to locate or reconstruct plaintiff's December 2003 CPD file, the ALJ used improper legal standards in reaching her conclusion that plaintiff experienced medical improvement."), *report and recommendation adopted*, No. CV 18-4750, 2019 WL 2076328 (E.D. La. May 10, 2019). The Commissioner does not dispute that the CPD is not contained in the administrative record before the Court.

Moreover, the absence of the CPD here is exacerbated by the fact that the ALJ's decision does not cite to or discuss any of the records that predated the CPD. The fact that some of A.H.'s early records are merely contained in the administrative record does not obviate a need for the ALJ to make clear that he has considered them in making his medical improvement determination, as the requisite analysis expressly focuses on the changes between the two time periods. *Hathaway v. Berryhill*, 687 F. App'x 81, 84 (2d Cir. 2017) (remanding where "the ALJ did not cite or discuss any medical evidence that supported the

initial finding of plaintiff's disability in 2001 or 2006, as is required"); *De Leon v. Sec'y of Health & Hum. Servs.*, 734 F.2d 930, 936-37 (2d Cir. 1984) ("The clear implication of both the statute and the regulations, then, is that a comparative standard should be employed in deciding whether to terminate an individual's benefits."); *Whitehead v. Comm'r of Soc. Sec.*, No. 16-CV-4664 (AMD), 2018 WL 10124536, at *3 (E.D.N.Y. Mar. 30, 2018) ("However, the ALJ did not cite or discuss any medical evidence from the time of the CPD, nor did he identify the plaintiff's particular impairments or abnormal clinical and diagnostic findings related to his CPD impairments. Instead, the ALJ evaluated only the substantial evidence about the plaintiff's current condition." (quotation and citation omitted)); *Auffant v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-328 (NPM), 2009 WL 792067, at *7 (N.D.N.Y. Mar. 23, 2009) (remanding where "the court finds no comprehensive comparison of the plaintiff's prior and current medical evidence to determine whether there was any change in signs, symptoms, and laboratory findings associated with plaintiff's impairment"); *Wright v. Comm'r of Soc. Sec.*, No. 3:06-CV-394 LEK/DEP, 2008 WL 4287387, at *9 (N.D.N.Y. Sept. 16, 2008) ("In light of the foregoing, the Court is unable to find that the ALJ's determination is based on substantial evidence. The ALJ failed to specifically cite any *changes* in the symptoms, signs, and/or laboratory findings associated with Plaintiff's impairments.").[1] Because the ALJ did not discuss or

---

[1] Other courts are in accord. *See Joshua D. v. Kijakazi*, No. 121CV02228-JMS-TAB, 2022 WL 1769020, at *5 (S.D. Ind. June 1, 2022) ("While the Court is not necessarily endorsing a bright-line rule that all pre-CPD evidence must be in the record and considered by the ALJ, the ALJ does need to build a logical bridge from the evidence to his conclusion. It is impossible for the Court to tell whether that was done here because the ALJ only mentioned a brief summary of some limited pre-CPD evidence." (citation omitted)); *Mesa v. Saul*, No. 1:19-CV-21736, 2020 WL 4932831, at *9 (S.D. Fla. Aug. 24, 2020) ("The

cite to any evidence that predated the CPD and instead focused the decision on A.H.'s current condition, the Court is unable to conclude that his finding of medical improvement is grounded in substantial evidence.[2]  As a result, the Court is unable to meaningfully review the basis for the ALJ's findings.  *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 237 (W.D.N.Y. 2019) ("[I]t is the ALJ's responsibility . . . to build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review," and "[t]he Court cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded

---

ALJ's finding that there had been medical improvement to Plaintiff's seizure disorder is not sound as the ALJ did not apply the correct standard, which required her to compare Plaintiff's medical evidence at CPD to more recent medical evidence."), *report and recommendation adopted*, No. 19-21736-CIV, 2020 WL 5028789 (S.D. Fla. Aug. 24, 2020); *Zutphen v. Colvin*, No. 15-CV-02429-SI, 2016 WL 5358589, at *6 (N.D. Cal. Sept. 26, 2016) ("The Court finds that the ALJ committed legal error at step three in several ways.  Most importantly, the ALJ's decision cited to no medical evidence that pre-dated the October 2006 CPD.  Though the ALJ stated that the medical evidence shows that plaintiff's depression had improved so as to no longer meet Listing 12.04, the ALJ never actually cited any of the CPD medical records from 2006 and before.  Thus, the ALJ could not have found that any decrease in the medical severity of plaintiff's impairments were based on changes (improvements) in the symptoms, signs and/or laboratory findings associated with [her] impairment(s)." (quotation and citation omitted).

[2]     The ALJ did rely on disability evaluations conducted by J. Meyer, M.D., and P. Ude, M.D., who both concluded that A.H. had made significant medical improvement and no longer met the standard of disability.  (Dkt. 13 at 575, 617).  But this cannot serve a substitute for the ALJ's obligations to compare Plaintiff's medical evidence predating the CPD to more recent medical evidence, particularly where neither Dr. Meyer's or Dr. Ude's opinion contained any meaningful discussion of the 2007 evidence, nor has the Commissioner argued as much.

- 11 -

the evidence considered."). For these reasons, remand for further administrative proceedings is warranted.

## III. Remaining Argument

As set forth above, Plaintiff has identified an additional reason why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this argument. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 14) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 15) is denied. The Clerk of Court is directed to enter judgment and close this case.

- 13 -

SO ORDERED.

                                        _____
                                        ELIZABETH A. WOLFORD
                                        Chief Judge
                                        United States District Court

Dated:  September 28, 2022
          Rochester, New York